**CARROLL L. WOOD, III, D.D.S., A Professional Dental Corporation, et al., Plaintiffs-Appellants,**

v.

**CNA INSURANCE COMPANIES (CONTINENTAL CASUALTY COMPANY), Defendant-Appellee.**

No. 87–3443
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1988.

Henry W. Kinney, III, New Orleans, La., for plaintiffs-appellants.

Kenneth C. Hughes, New Orleans, La., for defendant-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

This appeal requires that we examine the meaning of the terms "fiduciary," "plan official," and "employee," under an insurance policy and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* Carroll L. Wood, III, D.D.S., appeals a judgment rejecting his demands against CNA Insurance Companies (Continental Casualty Company).

Finding neither error of fact nor law, we affirm.

From April 1985 until April 1986, CNA insured Wood, his professional dental corporation, and its pension and profit sharing plans. The insurance satisfied the requirements of ERISA. As administrator and principal beneficiary of the pension and profit sharing plan, Wood invested $150,000 of plan funds in certificates of deposit with Alliance Federal Savings and Loan Association.

In August 1985 the Federal Savings and Loan Insurance Corporation and the Federal Home Loan Bank Board placed Alliance Federal in receivership. The plans, as owners of certificates of deposit in the failed institution, sustained a loss of nearly $50,000. Wood sought recovery of that loss from CNA. The facts were stipulated and the matter was submitted for bench resolution. Wood contended that CNA was liable because Alliance Federal was a "plan official" under ERISA and an "employee" under the policy. The district court rejected these contentions and entered judgment for CNA.

ERISA requires that "[e]very fiduciary of an employee benefit plan and every person who handles funds or other property of such a plan (hereafter in this section referred to as "plan official") shall be bonded as provided in this section...." 29 U.S.C. § 1112(a). ERISA defines a fiduciary as a person who exercises discretionary authority over management of a pension plan, who renders investment advice for a fee or who has discretionary responsibility in the administration of such a plan. 29 U.S.C. § 1002(21)(A) (1982). *See also Intn'l. U. United Auto Workers v. Greyhound Lines,* 701 F.2d 1181 (6th Cir.1983). A savings and loan association would qualify as a fiduciary only if the association were the asset custodian or trustee; took part in investment decisions; was affiliated with the plan sponsor; or exercised discretionary authority regarding management of the plan or disposition of its assets. Alliance Federal, acting solely as a financial institution which had issued certificates of deposit, had none of these characteristics.

It was not a fiduciary of the plans; only Wood was.

Wood maintains that if Alliance Federal was not a fiduciary under ERISA, it was a "person who handles funds or other property of such a plan" or in other words a "plan official" as designated by 29 U.S.C. § 1112(a). We do not agree. Alliance Federal had no affiliation with the plans; Wood was the only plan official. Alliance Federal was merely a party from whom Wood had purchased negotiable instruments. That purchase did not by some act of legal legerdemain convert Alliance Federal into a plan official.

Wood finally contends that CNA insured the plans against the acts of fraud by employees of Alliance Federal. Wood supports this argument with the policy's definition of employee:

> Any one or more of the natural persons while in the service of any welfare or pension plan (included as insured herein) as fiduciary, trustee, administrator, officer or employee and any other natural person while performing acts normally performed by a fiduciary, trustee, administrator, officer or employee as defined in such act shall be deemed to be an employee.

and CNA's explanation of that clause:

> ERISA Bond—This coverage protects funds from dishonesty and fraudulent acts by individuals handling your Employment Retirement Income Fund. The word individual includes employees, CPAs, Financial Planners, Banks, Brokers.

Albeit ingenious, this argument lacks persuasion. Alliance Federal acted neither as a fiduciary, trustee, administrator, officer, nor employee of the fund. It did not handle the funds of the plans; only Wood did. He invested those funds in certificates of deposit of Alliance Federal. The loss resulting from the institution's failure was not covered by the CNA policy.

AFFIRMED.